## Richmond

SANDRA EPPS FOGG v. COMMONWEALTH OF VIRGINIA.

December 1, 1975.

Record No. 750380.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*Overton P. Pollard (Moore & Pollard*, on brief), for plaintiff in error.

*Alan Katz, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Sandra Epps Fogg was found guilty by the trial court, sitting without a jury, of possession of heroin. She appeals the judgment order sentencing her to confinement in the State penitentiary for ten years, with six years suspended. The question for our determination is whether the evidence was sufficient to support her conviction.

On August 21, 1974, at approximately 10:00 p.m., Detective M. C. Clevert, of the Richmond Bureau of Police, observed Fogg and one Tyrone Hughes enter Room 208 at the Eggleston Motel, 604 North Second Street in Richmond. After obtaining a warrant to search Room 208 for heroin, Clevert, accompanied by five other police officers, knocked on the "partially open" door and entered the room at approximately 10:45 p.m. They found Fogg and Hughes, both clothed,

sitting or lying on the bed. The officers served a copy of the warrant on Hughes and proceeded to search the premises.

On the windowsill beside the bed the officers found in a paper bag a syringe and a bottle cap which contained a small piece of cotton. The bottom of the bottle cap was scorched. Because the chemist who analyzed these items was not called as a witness, they were not introduced into evidence. In the cushion of a chair about ten feet from the bed was found a brown piece of paper containing 14 packs of white powder. A search of Fogg's pocketbook, lying on the dresser approximately five feet from the bed, disclosed a corncob pipe containing a "greenish-brown residue". The examining chemist testified that the white powder in the 14 packs was heroin and the residue in the pipe was marijuana. The heroin and the pipe were admitted into evidence.

The Commonwealth had the burden of proving that Fogg was aware of the presence and character of the heroin and was intentionally and consciously in physical or constructive possession of it. *Ritter* v. *Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970). It was not necessary to show exclusive possession, and constructive possession could have been established if the evidence had shown that any of the heroin was subject to Fogg's dominion or control. *Gillis* v. *Commonwealth*, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974). But mere proximity to a controlled drug is insufficient to establish possession. *Huvar* v. *Commonwealth*, 212 Va. 667, 668, 187 S.E.2d 177, 178 (1972).

The evidence here shows only that Fogg was present in a motel room when police entered and discovered heroin. The packs of heroin were not open to Fogg's view, nor were the syringe, bottle cap and cotton found in a bag on the windowsill. There was no evidence that Fogg had rented the room. Indeed, the Commonwealth asserts on brief that Room 208 was registered in the name of Hughes. There was no evidence from which it might reasonably be inferred that Fogg owned, controlled, or used any heroin in the room. Thus the evidence, which fails to establish either physical or constructive possession of heroin by Fogg, is insufficient to support her conviction. Accordingly, the judgment of the trial court is reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*