## Richmond

THOMAS JUNIOR WRIGHT v. COMMONWEALTH OF VIRGINIA.

March 4, 1977.

Record No. 760601.

Present, All the Justices.

*James T. Moore*, for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Thomas Junior Wright was found guilty by the trial court, sitting without a jury, of possessing heroin with intent to distribute. He was sentenced to 10 years in the penitentiary with 5 years suspended. The sole question for our determination is whether the evidence was sufficient to support the conviction.

The evidence shows that on the night of April 3, or in the early morning hours of April 4, 1975, six Alexandria police officers, armed with a search warrant for narcotics, went to an apartment rented by Jimmy Ray Carter's wife. As the officers entered the apartment, Carter's wife ran to a bedroom and shut the door. Several of the officers followed her into the bedroom and found her husband, Jimmy Ray Carter, seated at the head of the bed holding a syringe. Upon seeing the police, Carter dropped the syringe behind the bed. Also in the bedroom was the defendant who was sitting at the foot of the bed.

When one of the officers retrieved the syringe from behind the bed, he noticed, on the floor between Carter's feet, a bundle of glassine envelopes containing what later proved to be heroin.

Another bundle of similar envelopes was found under a dresser, about three feet from the place where Wright was sitting. A box of syringes was found in the dresser. Nothing incriminating was found on the defendant, and there were no fingerprints on the envelopes.

Defendant testified that he was visiting in the apartment, that he had nothing to do with the heroin, and that he had not noticed anything under the dresser. He admitted that he had used drugs in the past but said that he no longer used them.

The trial judge found the defendant, Wright, guilty of possession with intent to distribute because of defendant's proximity to the bundle of heroin envelopes under the dresser, the improbability of storing a large amount of heroin packets not for distribution under a dresser, and the ease with which the defendant could have secreted the heroin under the dresser when Carter's wife warned him that the police were coming.

The burden was on the Commonwealth to prove beyond a reasonable doubt that Wright was aware of the presence and character of the heroin and was intentionally and consciously in physical or constructive possession of it. *Gillis* v. *Commonwealth*, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974); *Ritter* v. *Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970). To support the conviction, the possession does not have to be actual or exclusive, but may be proved by showing that the heroin was subject to Wright's dominion and control. *Gillis*, *supra*, 215 Va. at 302, 208 S.E.2d at 771. But mere proximity to a controlled drug is not sufficient to establish possession. *Fogg* v. *Commonwealth*, 216 Va. 394, 395, 219 S.E.2d 672, 673 (1975); *Huvar* v. *Commonwealth*, 212 Va. 667, 668, 187 S.E.2d 177, 178 (1972).

In the present case, the evidence is insufficient to support the conviction. Wright did not live in the apartment, no heroin was found in his actual possession, and there is no evidence that the heroin was shared with Carter or that it was under Wright's dominion or control. To infer that Wright put the heroin under the dresser when warned that the police were on the premises would be to engage in speculation and conjecture. The interval of time between the closing of the door to the bedroom by Carter's wife and the entrance of the police must have been short because Carter had not dropped the syringe before the officers appeared. Mere proximity of Wright to the packages was not sufficient to

establish constructive possession, and the conviction of possession with intent to distribute cannot be sustained.

The judgment is reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*