A Rehearing En Banc was granted in this case on October 16, 1995.

COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Annunziata and
          Senior Judge Hodges
Argued at Richmond, Virginia


STANLEY REYNOLD BRATHWAITE
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0790-94-2          CHIEF JUDGE NORMAN K. MOON
                                          AUGUST 15, 1995
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Felipita Athanas for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


     Stanley Reynold Brathwaite appeals his bench trial
convictions of possession of cocaine and possession of a firearm
while unlawfully in possession of cocaine.  Brathwaite argues
that the Commonwealth's evidence was insufficient to convict him.
We disagree and affirm Brathwaite's convictions.

     The Commonwealth's evidence established that a Richmond
police officer executed a search warrant on a motel room occupied
by Brathwaite, two females, and an infant child.  The motel room
was not registered to Brathwaite.  Upon the officer's entrance,
Brathwaite was lying on the closest of two beds to the door on
the left side of the room.  The bed was half made, and Brathwaite
appeared to be lying on top of the bed covers, with his head

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

propped up on his hand and his elbow or arm touching two stacked pillows. A search of the room uncovered .12 grams of cocaine in one part of the room. A .357 revolver and .16 grams of cocaine packaged in tissue paper were found under one of the pillows on the bed where Brathwaite was lying.

At Brathwaite's trial the officer who searched the motel room testified that the .357 revolver and .16 grams of cocaine were found about twelve inches from Brathwaite's hand. The officer testified that, as he entered the motel room, Brathwaite was lying on the bed, and "[t]he pillow was lying on his arm like sitting up on his arm. His head was off the pillow looking over at us."

Brathwaite made no statements concerning the cocaine or revolver. Brathwaite made no furtive motions or gestures away from the cocaine and did not attempt to prevent the officers from searching the room. The record does not reveal to whom the room was registered, what time of day the search was made, how Brathwaite was dressed, how long he had been in the room, or whether there were clothes or other items belonging to him located in the room.

> [P]ossession of a controlled substance may be actual or constructive. . . . "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740

(1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)) (emphasis added).  This Court is guided by the principles concerning constructive possession of controlled substances when determining whether a defendant constructively possessed a firearm.  See Blake v. Commonwealth, 15 Va. App. 706, 708, 427 S.E.2d 219, 220 (1993).

While mere proximity to contraband is insufficient to establish possession, and an accused's occupancy of the premises does not give rise to a presumption of possession, these factors are circumstances to be considered by the fact finder with other evidence in determining whether a defendant constructively possessed drugs.  See Lane v. Commonwealth, 223 Va. 713, 292 S.E.2d 358 (1982); Hambury v. Commonwealth, 3 Va. App. 435, 350 S.E.2d 524 (1986); see also Fogg v. Commonwealth, 216 Va. 394, 395, 219 S.E.2d 672, 673 (1975).

We hold that the proximity of Brathwaite to the drugs and revolver coupled with his occupancy of the room was a sufficient basis for inferring his constructive possession of the cocaine. The evidence tended to prove that Brathwaite's arm was within inches of the cocaine and large firearm, a .357 pistol, underneath the pillow where they were discovered by the officer. The trial court, therefore, reasonably concluded that Brathwaite was aware of the presence, nature and character of the cocaine.

Furthermore, we decline to subscribe to Brathwaite's argument that his case should be reversed based on the case of Fogg.  To the contrary, his case is factually dissimilar and does

not merit reversal.  In <u>Fogg</u>, the contraband was found away from the defendant in a bag on a window sill.  In this case, cocaine and a very large revolver, while not in plain sight, were found only inches from Brathwaite's arm underneath a pillow on a bed on top of which only he was lying.  Accordingly, we affirm Brathwaite's convictions.

<u>Affirmed.</u>

Annunziata, J., dissenting.

When the evidence against an accused is wholly circumstantial, as here, "[a]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence." Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987).

The Commonwealth's circumstantial evidence fails to exclude the hypothesis that Brathwaite entered the motel room only a short time before the officer, laid down on the bed, which unknown to him had contraband concealed under the pillow.

Accordingly, I respectfully dissent from the majority opinion and would reverse and dismiss the convictions.