COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


GEORGE A. HUGHES

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0111-95-2        JUDGE JERE M. H. WILLIS, JR.
                                            JANUARY 23, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                      William L. Wellons, Judge

            Nora J. Miller, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General; Katherine P. Baldwin, Assistant
            Attorney General, on brief), for appellee.



     On appeal from a conviction of possession of a knife while a

prisoner in a correctional facility, in violation of Code

§ 53.1-203(4), George A. Hughes contends the evidence is

insufficient to prove that he possessed the knife.  We agree and

reverse the judgment of the trial court.

     On July 23, 1993, Hughes, a prisoner at Mecklenburg

Correctional Center, was placed into cell 36 in building 5.  No

search of the cell was performed on that day.

     On January 26, 1994, a "shake-down" of Hughes' cell was

conducted and a homemade knife was discovered near the toilet,

hidden behind a small section of false wall constructed of

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

cardboard and painted to blend in with the wall. The correctional officer who discovered the knife tapped the wall with his baton and saw it move. He testified, "[i]f I hadn't hit it I wouldn't have seen it."

The cell was searched on August 10, 1993. At that time, neither the knife nor the section of false wall was discovered. However, the techniques employed in that search were not described. There was no evidence that the wall, or the particular place on the wall, was tapped or that tapping the wall was a routine element of a "shake-down."

On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). When a conviction is based on circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence." Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976).

Hughes contends that the evidence is insufficient to prove that he possessed the knife. The burden was on the Commonwealth to prove beyond a reasonable doubt that Hughes was "consciously in physical or constructive possession" of the knife. Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977). Constructive possession may be proved by "evidence of acts, statements, or conduct of the accused or other facts or

circumstances which tend to show that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control."  Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

The knife was not discovered in Hughes' physical possession.  The Commonwealth contends that the evidence sufficiently proves his constructive possession.  It argues that the fact that the knife was not discovered at the August 10, 1993 search but was found on January 26, 1994, supports the inference that Hughes concealed the knife behind the false wall during the interim.  We disagree.  The knife could have been concealed by a prior occupant of the cell.  The fact that the knife was not discovered during the August search does not preclude a finding that it could have been behind the false wall at that time.  The officer who found the knife testified that he would not have found the knife had he had not tapped the particular spot on the wall with his baton.  The officer who searched the cell in August may not have tapped this spot.

The judgment of the trial court is reversed.

Reversed.