COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia


LANETTA TORIAN

MEMORANDUM OPINION[*] BY
v.  Record No. 1770-96-2          JUDGE JAMES W. BENTON, JR.
                                         MAY 27, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Charles L. McCormick, III, Judge

Amy M. Curtis (Theodore N. I. Tondrowski;
Bowen & Bowen, P.C., on brief), for
appellant.

Robert H. Anderson, III, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Lanetta Torian was convicted of possession of cocaine with intent to distribute.  She contends that the evidence was insufficient to support the conviction.  We agree and reverse the conviction.

I.

The undisputed evidence proved that officers of the South Boston Police Department entered a residence at 1907 Spring Avenue with a warrant to search for narcotics.  The property was leased to Jane Jeffreys, the mother of Michael and James Jeffreys.  Michael Jeffreys, James Jeffreys, and eight other people were in the residence.

Lovelle Jenkins was in the northwest bedroom.  The police

---
[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

found in that room a loaded Larson .380 caliber pistol under the bed mattress and a plastic bag containing eleven smaller bags of marijuana in the middle of the floor. The police saw men's clothing hanging in the closet and found six small bags of marijuana in a jacket hanging in the closet. In James Jeffreys' wallet, the police found a receipt for the gun.

In the southwest bedroom, the police found in the nightstand a document listing "people who owe Michael money." Under the mattress they found a digital scale with cocaine residue. Men's clothing was hanging in the closet.

James Jeffreys, Lawanda Chandler, and a small infant were sitting on the bed in the northeast bedroom. In that room, the police found lying on the floor an Advil bottle that contained rocks and crumbs of cocaine. In a nightstand about six feet from the bottle were several documents indicating that Torian's address was 1907 Spring Avenue. Women's clothing was found in this bedroom.

When the police arrived, Torian was in the residence but not in any of the bedrooms. About twenty minutes after the police entered the northeast bedroom and discovered the Advil bottle, Torian entered the room accompanied by a female officer. The police officer who was searching the room testified, "I think she got some clothes."

On this evidence, the trial judge found Torian guilty of possession of cocaine with intent to distribute. Torian was

sentenced to 5 years in the penitentiary, with all but 7 months suspended, and fined $500.

## II.

"The burden was on the Commonwealth to prove beyond a reasonable doubt that [Torian] was aware of the presence and character of the [cocaine] and was intentionally and consciously in physical or constructive possession of it." Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977). Because the conviction is based upon constructive possession, the evidence must prove "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to [her] dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "Further, where, as here, a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citation omitted).

No evidence proved that Torian was aware of the presence of cocaine in the residence or that she exercised control over any drugs in the residence. See Drew v. Commonwealth, 230 Va. 471, 338 S.E.2d 844 (1986). No evidence proved that she had been in the northwest or southwest bedrooms where police found cocaine

and men's clothing.

In the northeast bedroom where the police found the Advil bottle containing cocaine, the police found an adult female and James Jeffreys, whose mother was the lessee. The Advil bottle was found on the floor in their presence. The evidence does not exclude the hypothesis that one of them discarded the Advil bottle onto the floor as the police entered the residence.

At most, the evidence creates a suspicion that Torian was aware of the presence of the cocaine. "Suspicion, however, no matter how strong, is insufficient to sustain a criminal conviction." <u>Stover v. Commonwealth</u>, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981). Accordingly, we reverse the judgment and dismiss the indictment.

<u>Reversed and dismissed</u>.