COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia


ELVIN ROBERTSON

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1807-96-2            JUDGE RICHARD S. BRAY
                                         JUNE 24, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                  Charles L. McCormick, III, Judge

        Theodore N. I. Tondrowski (Amy M. Curtis;
        Bowen & Bowen, P.C., on brief), for
        appellant.

        Monica S. McElyea, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     Elvin Robertson (defendant) was convicted in a bench trial

for possession of cocaine with intent to distribute in violation

of Code § 18.2-248.  On appeal, defendant argues that the

Commonwealth failed to prove his knowledge of the presence and

character of the offending substance, a necessary element to the

crime.[1]  Finding no error, we affirm the conviction.

                                I.

     In reviewing the sufficiency of the evidence, we examine the

record in the light most favorable to the Commonwealth, granting

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]We decline to address defendant's argument that the
evidence was insufficient to prove the necessary intent to
distribute.  See Rule 5A:12(c) ("Only questions presented in the
petition for appeal will be noticed by the Court of Appeals.").

to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Viewed accordingly, the evidence establishes that police investigator Jay Jordan,[2] acting on a detailed telephone tip from a reliable confidential informant that defendant was in possession of cocaine,[3] located and began following a vehicle, driven by defendant but owned by another.  When traffic conditions momentarily separated Jordan from the car, he radioed Chase City Police Officer Ben Williams to stop the vehicle.  Jordan arrived at the scene within minutes, and Williams then approached defendant on the driver's side, requesting that he produce his operator's license.  Defendant answered that "he didn't have [his driver's license] with him," but provided a Social Security number which was sufficient for Williams to initiate a Department of Motor Vehicles (DMV) inquiry.

---

[2]Jordan was Chase City Chief of Police at the time of trial.

[3]The contents of the tip were not considered substantive evidence by the trial court.

Meanwhile, Jordan directed defendant to exit the car and conducted a weapons pat-down of his person. Defendant declined Jordan's request to search the vehicle. Jordan then advised defendant of the informant's "complaint" against him and returned to the open driver's door of the stopped vehicle. When Jordan "looked down" at the floorboard from outside the open door, he noticed "what appeared to be a plastic bag." As he "began to kneel down to see what it was, [defendant] fled on foot." Based upon a cursory examination of the bag, Jordan suspected that it contained cocaine, "chase[d] [defendant] down" and arrested him for possession of cocaine with intent to distribute.

Police discovered $242 on defendant's person during a search incidental to his arrest, and further examination of the bag and later analysis of its contents revealed thirty smaller baggies of cocaine. The DMV inquiry disclosed that defendant had provided a false Social Security number. The record is silent with respect to the status of his operator's license.

## II.

> Under settled legal principles, possession of a controlled substance may be actual or constructive. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740

(1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)) (other citations omitted).  Possession "need not always be exclusive.  The defendant may share it with one or more."  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).  Although mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed such drugs.  See Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (reh'g en banc). Ownership or occupancy of the vehicle in which the drugs are found is likewise a circumstance probative of possession.  See Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citing Code § 18.2-250).  Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Circumstantial evidence may establish possession, provided it excludes every reasonable hypothesis of innocence.  See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether a hypothesis of innocence is reasonable is a

question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong. See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Here, a plastic bag containing cocaine was clearly visible on the floor of the driver's side of a vehicle operated by defendant. Defendant was alone in the car, provided police with a false Social Security number, and was in possession of $242 in cash. Finally, defendant fled upon learning particulars of the informant's report and at the moment Jordan spotted the bag of cocaine and proceeded to investigate, conduct indicative of a guilty mind. See Langhorne v. Commonwealth, 13 Va. App. 97, 102-03, 409 S.E.2d 476, 480 (1991). "Although none of these circumstances, standing alone, would have sufficiently proved that defendant knowingly possessed the drugs, the facts combined to support the finding that the narcotics discovered were subject to defendant's informed 'dominion and control.'" Hetmeyer v. Commonwealth, 19 Va. App. 103, 111-12, 448 S.E.2d 894, 899-900 (1994).

Accordingly, we affirm the conviction.

Affirmed.

Benton, J., dissenting.

"The burden was on the Commonwealth to prove beyond a reasonable doubt that [Elvin Robertson] was aware of the presence and character of the [cocaine] and was intentionally and consciously in physical or constructive possession of it." Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977). Because the conviction was based upon constructive possession, the evidence must prove "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "Further, where, as here, a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citation omitted).

The evidence proved that the vehicle was not owned by Robertson. Certainly, the evidence does not exclude the hypothesis that the bag under the driver's seat was the property of the owner of the vehicle. Robertson's presence in the vehicle does not prove that he possessed the cocaine. The principle is well established that mere proximity to the controlled substance is not enough to establish possession. See Wright, 217 Va. at

670-71, 232 S.E.2d at 734. Furthermore, Robertson's occupancy of the vehicle did not give rise to a presumption that he possessed the cocaine. See Code § 18.2-250.1(A).

No acts, statements, or conduct of Robertson proved that Robertson was aware of the presence of the cocaine. The evidence proved that after Robertson had been told to exit the vehicle, the officer went to the open door of the vehicle and saw "on the floorboard sticking approximately three to five inches . . . a floor mat." The officer then saw "what appeared to be a plastic bag." Because he "couldn't detect what type of material was inside of it . . . [, he] knelt down" and took a closer look. The photograph in the record shows a corner of a plastic bag protruding from under the seat. No evidence proved that Robertson saw anything amiss in the vehicle or should have necessarily seen that a plastic bag was under the driver's seat. See Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863 (1994); see also Fogg v. Commonwealth, 216 Va. 394, 219 S.E.2d 672 (1975); Burton v. Commonwealth, 215 Va. 711, 213 S.E.2d 757 (1975). The evidence only permits suspicious inferences to be drawn. "'[E]vidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt.'" Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977) (citation omitted).

Robertson's flight was certainly not sufficient to prove beyond a reasonable doubt that he knew of the presence of

cocaine.  The evidence proved that when the officer asked Robertson for his driving permit, Robertson gave the officer a Social Security number that was not his.  His flight occurred while the officer was checking the validity of the number.

The principle is well established that "'where a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him.'"  Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969) (citation omitted).  From the Commonwealth's evidence, it is just as likely, if not more likely, that Robertson, "who was in trouble with the law [because he gave the officer an improper Social Security number], merely attempted to run . . . to avoid apprehension" for that circumstance.  Haywood v. Commonwealth, 20 Va. App. 562, 567, 458 S.E.2d 606, 608 (1995).  That is a reasonable hypothesis that the evidence fails to exclude.

For these reasons, I would reverse the conviction.