COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Alexandria, Virginia


JESSE LIGHTNER PARK

                                                 MEMORANDUM OPINION[*] BY

v.      Record No. 2578-02-4        CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                DECEMBER 2, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
James W. Haley, Jr., Judge

Marvin D. Miller (Terri J. Harris; Law Offices of Marvin D.
Miller, on briefs), for appellant.

Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Jesse Lightner Park (appellant) appeals his conviction for possession with intent to distribute marijuana in violation of Code § 18.2-248.1. Appellant contends that the circumstantial evidence used to convict him did not exclude every reasonable hypothesis of innocence. He further contends that the trial court imposed an invalid sentence by sentencing him to an indefinite period of probation. For the following reasons, we affirm.

## I. BACKGROUND

On appeal the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party below, the Commonwealth. Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991); Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At trial, appellant conceded that

> he was in possession of the marijuana and was in possession of
> approximately three thousand dollars and we are not contesting the
> stop . . . . What we are asking your Honor to do is to make one of
> three decisions . . . either he was in possession with intent to
> distribute less than one to ten, as charged in the indictment, or he
> was in simple possession, or he was in possession with intent to
> distribute as an accommodation.

The amount of marijuana seized was 11.58 ounces. Appellant also stipulated to the admissibility of a cell phone, the lab report, an "owe sheet," currency, and baggies. Additionally, Sheriff McDowell (McDowell) found $1,102 in appellant's wallet which was in the passenger seat of the vehicle, and $2,204 in his front left pocket.

Appellant stipulated that Detective Eric Jesse (Jesse) would testify that possession of one ounce or less of marijuana suggests personal use and that possession of a pound is inconsistent with personal use. However, "he has on occasion seen marijuana in that amount" for personal use. Appellant also stipulated that Jesse would testify that the value of the 11.58 ounces of marijuana that appellant possessed had a value of between $1,200 and $4,000, depending on the market. The marijuana, money, cell phone, baggies, and papers were admitted into evidence, but the Commonwealth presented no additional testimony connecting these items to the process of distribution.

Appellant called one witness, William Spinks (Spinks), who testified that he had known appellant for about 15 years and that he used to smoke marijuana, but had quit since his daughter was born. Spinks further testified that when he did smoke marijuana, he smoked an ounce in about four days, and purchased both pounds and ounces for personal use. Spinks testified that he purchased a Yamaha four-wheeler from appellant on September 17, 2001, the same day appellant was arrested, and paid him $3,000 in cash. On cross-examination, Spinks testified that he did not remember the denominations of bills he gave appellant when purchasing the

four-wheeler. He also testified that he did not notice what appellant did with the money after Spinks gave it to him. Spinks had no bill of sale for the four-wheeler.

Appellant argued at trial that the evidence was insufficient to convict him of possession with intent to distribute the marijuana because the Commonwealth failed to connect the stipulated evidence to the intent to distribute and that quantity alone was insufficient to establish intent to distribute.

The trial court found appellant guilty of possession with intent to distribute, and noted that the evidence established that appellant had over $3,000 in cash separated from his pocket and wallet, and the amount of marijuana found was 11.58 ounces. The trial court also found that Spinks' testimony regarding the four-wheeler sale was not credible. The trial court found appellant guilty and sentenced him to ten years in prison, and suspended seven years of the sentence conditioned upon good behavior for twenty years. The court sentenced appellant to supervised probation "for an indefinite period, or unless sooner released by the court or by the probation officer."

## II. SUFFICIENCY OF EVIDENCE

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). This Court must determine "not whether 'there is some evidence to support'" appellant's hypothesis of innocence, but, rather, "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [appellant's] theories . . . and found him guilty . . . beyond a reasonable doubt." Id. Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong, see Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998).

"Circumstances relevant to proof of an intent to distribute include the quantity of drugs and cash possessed, the method of packaging, and whether [defendant] himself used drugs." Jones v. Commonwealth, 23 Va. App. 93, 100, 474 S.E.2d 825, 828 (1996) (internal quotations and citation omitted). Appellant contends that the circumstantial evidence used to convict him did not exclude every reasonable hypothesis of innocence. We disagree.

Appellant stipulated that he was in possession of nearly a pound of marijuana and that this amount was ordinarily inconsistent with personal use. "Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute." Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996). Although Detective Jesse testified that he has, on occasion, seen nearly a pound of marijuana designated for personal use, this is generally not the case. However, no paraphernalia to smoke

the marijuana was found. See Askew v. Commonwealth, 40 Va. App. 104, 108, 578 S.E.2d 58, 60 (2003) (absence of paraphernalia is "regularly recognized" as a factor indicating intent to distribute); Glasco, 26 Va. App. at 775, 497 S.E.2d at 156.

Additionally, appellant had over $3,000 in cash divided between $1,102 found in his wallet on the passenger seat of the vehicle, and $2,204 found in his front left pocket. See id. (possession of a large sum of money ($650) "regularly recognized as [a factor] indicating an intent to distribute"); Christian v. Commonwealth, 33 Va. App. 704, 716, 536 S.E.2d 477, 483 (2000) ($935). The only evidence appellant offered to explain the presence of such a large amount of cash was the testimony of William Spinks, who claimed that he had given appellant over $3,000 to purchase a "four-wheeler." The trial court found Spinks' testimony not to be credible. See id. Thus, the trial court reasonably inferred that the presence of $3,000 in cash supported its finding that appellant intended to distribute the marijuana in his possession. Even assuming the Commonwealth failed to present evidence that the stipulated "owe sheet" was a drug "owe sheet," a reasonable fact finder upon consideration of all the evidence could find him guilty beyond a reasonable doubt.

Appellant also contends that he was sentenced to an improper period of probation. The Commonwealth argues that the appellant's assignment of error is procedurally barred because he failed to timely object to the sentence. Because appellant did not preserve this issue at trial, it is procedurally barred.

"No ruling of the trial court will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). Therefore, appellant's argument on appeal is procedurally barred by Rule 5A:18.

The ends of justice exception to Rule 5A:18 does not apply. "The ends of justice exception is narrow and is to be used sparingly." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989). In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred. Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). The trial error must be "clear, substantial and material." Brown, 8 Va. App. at 132, 380 S.E.2d at 11; Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).

No miscarriage of justice has occurred in this case. The trial court's sentencing order specifically limits the period of supervised probation to twenty years or less, in accordance with the specified length of the suspension period.

We therefore affirm the trial court.

Affirmed.

Benton, J., dissenting.

At the guilt phase of the trial, the prosecutor submitted the Commonwealth's case for the judge's decision upon only a stipulation of evidence and tangible exhibits. Jesse Lightner Park stipulated that he possessed 11.58 ounces of marijuana when the officer stopped him on September 17, 2001 in an automobile and that the marijuana had a value between $1,200 and $4,000. He also stipulated that the arresting officer would testify this amount is inconsistent with personal use but that the officer additionally would testify he "has on occasion seen marijuana in that amount" for personal use. Park stipulated that the officer found somewhere in his automobile a cellular telephone, baggies, and two pieces of paper, which the judge described as follows:

> [The officer found] . . . two pieces of paper, one of which deals with income and assets and expenses paid, the second of which is a piece of paper with a number of names on it -- one, two, three, four, five, six, seven, eight, nine, ten -- ten names with various sums across from those names, from a larger or lesser sum. . . .
>
> These names, accordingly -- your client's friend, who had known him for fifteen years, was not familiar with any of these individuals or their names.

Park further stipulated that he had slightly in excess of $3,000 in his wallet and his pocket. The evidence at the guilt phase of the trial did not include any statements that Park may have made to the arresting officer. Furthermore, the prosecutor did not present testimony from the arresting officer or any other witness.

Park's witness testified that he had purchased a "four-wheeler" Yamaha vehicle from Park the day Park was arrested. He testified that he gave Park $3,000 cash for the purchase of the vehicle. Park's witness also testified that, in the past, he had purchased marijuana for his own use in quantities of both "a pound or an ounce, depending on how much [he] could afford." Reflecting an obvious market reality and risk, he testified that "if you buy it larger, as in the

pound, then its cheaper on you . . . and then you don't have to go back and buy it as many times."

"The Commonwealth had the burden to prove beyond a reasonable doubt that [Park] possessed the marijuana with intent to distribute." Dukes v. Commonwealth, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984). Thus, the principle is well established that when "the circumstantial evidence of such intent, when viewed in the light most favorable to the Commonwealth, fails to 'exclude every reasonable hypothesis of innocence,'" the Commonwealth has not met its burden of proof. Id.

The Commonwealth asserts that the officer's stipulated testimony establishes the amount of marijuana was inconsistent with personal use. The record, however, establishes that the stipulation rendered this issue in a state of equipoise because the stipulation also contained the officer's view that, in his experience, this amount of marijuana has been possessed for personal use. Thus, "this is a case where the prosecution has presented . . . two different accounts of the essential facts relating to a crucial element of the crime." Moore v. Commonwealth, 254 Va. 184, 189, 491 S.E.2d 739, 742 (1997). The principle has long been established that "'where a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him.'" Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969) (citation omitted). The stipulated evidence, therefore, logically established that the amount of marijuana was not inconsistent with possession for personal use.

The other evidence in the record is equally deficient and fails to satisfy the Commonwealth's burden to establish beyond a reasonable doubt that Park intended to distribute the marijuana. No evidence in the record established that the papers bore any connection to the marijuana or to Park's intent to use the marijuana. The trial judge's observation about these

exhibits, that one related to "income and assets and expenses" and that the other contained "ten names with various sums across from those names," is nothing more that a vague description of the papers and discloses no relationship between the nature of the writings and the fact to be proved. One exhibit, which is a paper containing ten names and some numbers, does not establish money was owed to anyone. Even if the figures are assumed to represent money, the paper does not indicate how much money was owed to whom and for what purpose. The other exhibit is an 8x11 pad of lined paper with notations under items designated "car insurance," "grocerys," "invest/bank," "paid Buddy," "rent," "save," "mom paid," "started work," and "pay date." Absent some connective evidence, the judge merely engaged in "speculation and conjecture" in concluding that these papers related to an intent to distribute the marijuana. Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977). "Suspicion, no matter how strong, is not enough. Convictions cannot rest upon speculation and conjecture." Littlejohn v. Commonwealth, 24 Va. App. 401, 415, 482 S.E.2d 853, 860 (1997) (citation omitted).

Likewise, proof that Park possessed $3,000 merely raises the opportunity to speculate about its origin or its intended use. The Commonwealth advanced no evidence or argument to tie the money to the marijuana Park possessed or to prove the requisite element of intent. The trial judge's rejection of Park's witness' testimony that, earlier on the day of Park's arrest, he had purchased a vehicle from Parks for $3,000 cash, does not provide a factual basis for establishing that the money was someway connected to an intent to distribute the marijuana. See Tarpley v. Commonwealth, 261 Va. 251, 256-57, 542 S.E.2d 761, 764 (2001). Even on appeal, the Commonwealth merely makes the assertion that "possession of a large amount of cash -- $3306 -- was a further factor establishing intent to distribute." Only by speculation could the trier of fact conclude the cash somehow is related to the marijuana in Park's possession or Park's intent. In a similar vein, it seems almost too simplistic to say that in the year 2003 the possession of a

cellular telephone proves nothing more than the fact that Park uses it, as do an increasing number of people, as a means of communication.

Simply put, the Commonwealth relies on suspicious circumstances and leaps of logic to make the connections needed to establish the necessary element of intent.

> It is well settled in Virginia that to justify conviction of a crime, it is not sufficient to create a suspicion or probability of guilt, but the evidence must establish the guilt of an accused beyond a reasonable doubt. It must exclude every reasonable hypothesis except that of guilt. The guilt of a party is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence.

Cameron v. Commonwealth, 211 Va. 108, 110-11, 175 S.E.2d 275, 276 (1970) (citations omitted). At trial, the prosecutor presented stipulated facts of circumstances that, while interesting, do not tend to do more than present a hypothesis of suspicion.

I would hold that the stipulated evidence was insufficient to prove beyond a reasonable doubt that Park had the intent to distribute the marijuana. The evidence in this case is not inconsistent with the hypothesis that Park possessed the marijuana for his personal use. Therefore, I would reverse the conviction for possession with intent to distribute and remand to the trial court.