COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Humphreys and Powell
Argued at Richmond, Virginia


DERWOOD AMELIUS DAVIS

v.      Record No. 2560-07-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE CLEO E. POWELL
FEBRUARY 10, 2009


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Samuel P. Simpson, V (Montgomery & Simpson, on brief), for
appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Derwood Amelius Davis, appellant, was convicted of possession of cocaine, in violation of

Code § 18.2-250, following a bench trial.  On appeal, he contends that the evidence is insufficient to

convict.  We agree and reverse his conviction.

I.  BACKGROUND

At approximately 11:45 p.m. on May 26, 2007, Officer Mack of the Henrico County

Police Department responded to a call of a possible larceny at the home appellant shared with his

wife, Lynn.  Mrs. Davis told the officer that her husband had stolen money from her and that he

has a drug problem.  She did not mention what kind of drugs her husband allegedly used.

Mrs. Davis also showed Officer Mack a photograph of her husband.

Officer Mack then went to a nearby area where narcotics are commonly sold and used.

He spotted a man he believed to be Mr. Davis walking in a lit parking lot.  Officer Mack pulled

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

into the parking lot and approached the man. When he asked the man if he was Derwood Davis, he responded that he was and put his hands in his front pockets. Officer Mack moved closer to Mr. Davis and asked him to remove his hands from his pockets. Instead, Mr. Davis turned away from Officer Mack and the other officer who had arrived to assist. When he turned away, his hands were still in his pockets. Officer Mack could not see Mr. Davis's hands when he turned away from the officers. Within seconds, though, the officers grabbed both of Mr. Davis's wrists, removed his hands from his pockets, and handcuffed him.

The officers recovered $2,050 from Mr. Davis's left rear pocket and $50 from his front right pocket. Approximately five feet from where Mr. Davis turned around, Officer Mack found five individually wrapped bags that he suspected to contain crack cocaine and a small piece of radio antenna that he believed was used to smoke the suspected crack cocaine. Though no one else was in the area at this time, Officer Mack agreed at trial that he has found "at least the evidence of contraband all over" the parking lot. Officer Mack never saw Mr. Davis throw anything, nor did he hear anything hit the ground. Officer Mack observed Mr. Davis during the entire encounter.

## II.  ANALYSIS

When the sufficiency of the evidence is challenged on appeal, we view the evidence and all inferences fairly deducible therefrom in the light most favorable to the Commonwealth. Wynn v. Commonwealth, 5 Va. App. 283, 286, 362 S.E.2d 193, 195 (1987). This Court will only reverse a judgment that is plainly wrong or without evidence to support it. See Jay v. Commonwealth, 275 Va. 510, 524, 659 S.E.2d 311, 319 (2008) (citing Hedrick v. Commonwealth, 257 Va. 328, 340, 513 S.E.2d 634, 641 (1999)).

> To support a conviction based on constructive possession [of drugs], "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of

> both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). Virginia courts have repeatedly stated that "[s]uspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 433 (1986).

In Gordon v. Commonwealth, 212 Va. 298, 183 S.E.2d 735 (1972), the Supreme Court of Virginia held that the evidence was insufficient to prove constructive possession. There, a police detective saw the appellant step between two bushes "'and a concrete type fence and pulled out a brownish color manila envelope'" as the detective drove past the appellant. Id. at 298-99, 183 S.E.2d at 736 (quoting transcript). When Gordon saw the police detective, he greeted the detective by name and walked off in the opposite direction from which he came. Id. at 299, 183 S.E.2d at 736. The detective made a u-turn to follow the appellant and when he saw that the detective did so, Gordon began running. Id. The detective then left his car and pursued the appellant on foot, during which the detective lost sight of him for three to four seconds. Id. When the detective next saw Gordon, he no longer carried the manila envelope. Id. A different police detective later found a manila envelope that contained illegal drugs in the area where the first detective lost sight of the appellant. Id. at 300, 183 S.E.2d at 737. The first detective said the recovered envelope was the same size, shape, and color as the one he saw Gordon holding. Id. The Supreme Court of Virginia acknowledged that there are numerous cases where courts have affirmed convictions for possession of drugs where the evidence proved that the defendant was seen throwing or dropping an identifiable object that was later discovered to contain contraband. Id. The Court in Gordon, however, concluded that there was a break in the chain of evidence because "[n]o witness was produced who saw Gordon dispose of the manila envelope

which he carried.  The envelope containing narcotics 'works' was found by [the police detective] on a grass plot separated only by a perforated wall from the public street on which numerous persons were gathered."  Id. at 300-01, 183 S.E.2d 737.  Therefore, the Court reversed appellant's conviction because the evidence was insufficient to prove that he possessed illegal drugs.  Id. at 301, 183 S.E.2d at 737.

Earlier this year, the Supreme Court of Virginia reversed a conviction for possession of narcotics based on a theory of constructive possession.  Maxwell v. Commonwealth, 275 Va. 437, 444, 657 S.E.2d 499, 503 (2008).  In Maxwell, police officers were investigating the appellant about an unrelated matter.  Id. at 440, 657 S.E.2d at 501.  When the officer informed him that he needed to go to the police station for further questioning, Maxwell ran.  Id.  The police saw the appellant "walk out from behind several stacks of plywood located between the alley and a chain-link fence that enclosed [a] lumberyard."  Id.  Officers arrested Maxwell and in a search incident to arrest found $450 but no smoking device.  Id.  A "drug-dog" later "alerted on" a lumber pallet.  Id.  The officer "'reached in got . . . a plastic bag'" containing "'eight individually wrapped off-white rocklike substances'" that were later identified as crack cocaine.  Id. at 440, 657 S.E.2d at 501-02 (quoting transcript).  A bag containing an additional twelve rocks of crack cocaine and a bag filled with marijuana were also found in the plywood.  Id. at 441, 657 S.E.2d at 502.  After the officers found the suspected drugs, Maxwell changed from "'talkative and cooperative'" to "'less talkative and distant[.]'"  Id. at 440, 657 S.E.2d at 502 (quoting transcript).  Employees at the lumberyard had not seen anyone near the lumber stack though they were not watching the lumber all day.  Id. at 441, 657 S.E.2d at 502.  The Supreme Court of Virginia held that "no rational trier of fact could have found the essential elements of the crime[s involved in the case] beyond a reasonable doubt.'"  Id. at 443, 657 S.E.2d at 503 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  The Court reasoned that the evidence

> may create suspicion, but it is not "consistent with guilt and inconsistent with innocence and [does not] exclude every reasonable hypothesis of innocence." See Garland [v. Commonwealth], 225 Va. [182,] 184, 300 S.E.2d [783,] 784 [(1983)]. Nor does it constitute "evidence of acts, statements, or conduct . . . or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance[s] and that [they were] subject to his dominion and control." See Drew, 230 Va. at 473, 338 S.E.2d at 845.

Id.

In Mr. Davis's case, the officers never saw him make a throwing motion nor did they hear anything land on the ground. In fact, Officer Mack testified that Mr. Davis first put his hands into his pockets when the police encountered him and his hands remained in his pockets when he turned away from them. The officers forcibly removed Mr. Davis's hands from his pockets when they turned him around and handcuffed him. That the illegal drugs were found approximately five feet from where Mr. Davis was arrested is immaterial because "[m]ere proximity to a controlled drug is not sufficient to establish dominion and control." Drew, 230 Va. at 473, 338 S.E.2d at 845 (citing Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); Fogg v. Commonwealth, 216 Va. 394, 395, 219 S.E.2d 672, 673 (1975)).

### III. CONCLUSION

Because the evidence in the light most favorable to the Commonwealth proved only that Mr. Davis was within mere proximity to the cocaine that Officer Mack found, we hold the evidence was insufficient to support appellant's felony conviction for possession of cocaine, in violation of Code § 18.2-250. Therefore, we reverse Mr. Davis's conviction and dismiss his indictment.

Reversed and dismissed.