COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Chesapeake, Virginia


MARVIN WALTER HASKINS
                                        OPINION BY
v.   Record No. 1423-98-1   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                    DECEMBER 7, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Robert P. Frank, Judge


        Gail Starling Marshall (Timothy S. Fisher;
        Overman & Cowardin, P.L.C., on brief), for
        appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Marvin Walter Haskins (appellant) was convicted in a bench

trial of possession of cocaine, in violation of Code § 18.2-250.

On appeal, he argues the evidence was insufficient to prove that

he constructively possessed the cocaine.  For the following

reasons, we reverse.

                                I.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to it all reasonable

inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on January 9, 1998, three uniformed police officers executed a search warrant at the TDY Inn, Room 111, in the City of Newport News. Detective Richard Dawes (Dawes) made a "knock and announce" entry and observed numerous people in the front of the room and in the back bedroom. As Dawes walked down the hallway, he observed appellant leaving the bathroom. Dawes testified that appellant "wasn't standing in the hallway, he wasn't standing at the doorway, he was coming out of the bathroom into the hallway."

Dawes and his fellow officers directed the occupants of the room, including appellant, to be seated in the living room. Dawes described the search of the hotel room and bathroom as follows:

> After we got the people in the back bedroom under control and . . . [the search] warrant was served and everything, I went back into the bathroom where I had observed [appellant] coming out of. The door was open at this time. I pushed the door closed and looked directly behind the door, which would be between the door and the wall which was just right at the hallway, I observed a dollar bill was crumpled up.

The dollar bill contained several rocks of what Dawes "believed to be crack cocaine." Nobody entered or left the bathroom between the time Dawes saw appellant coming out and Dawes' discovery of the dollar bill behind the door.

Detective Randy Ronneberg (Ronneberg) acted as the evidence collection officer during the search of the hotel room.

- 2 -

Ronneberg collected only the dollar bill containing the suspected narcotics from the bathroom. After gathering the evidence but before leaving the hotel room, Ronneberg told appellant that suspected cocaine had been seized from the bathroom.

While appellant was seated in the front of the hotel room, Detective Carl Cespedes (Cespedes) overheard appellant talking to another person seated to his left. Appellant stated, "they're trying to pin that stuff on me in the bathroom, but it's only baking soda." At the time Cespedes overheard appellant's statement, the detective was unaware of what had been found in the bathroom. Laboratory testing confirmed that the rocks found in the dollar bill were .57 grams of cocaine. Appellant presented no evidence. The trial court overruled appellant's motion to strike the evidence and found appellant guilty as charged.

## II.

When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense. See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). "In so doing, we must discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

On appeal, appellant contends that the circumstantial evidence was insufficient to prove his possession of the cocaine. He argues that his proximity to the cocaine was insufficient to prove possession and that the Commonwealth's evidence failed to prove that he was aware of the presence and character of the cocaine found in the bathroom. We agree.

To establish possession of a controlled substance, the Commonwealth must prove that "'the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.'" McNair v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1999) (en banc) (quoting Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974)). However, "[c]onstructive possession may be proved through evidence demonstrating 'that the accused was aware of both the presence and character of the substance

- 4 -

and that it was subject to his or her dominion and control.'" Id. at ___, ___ S.E.2d at ___ (quoting Wymer v. Commonwealth, 12 Va. App. 294, 300, 403 S.E.2d 702, 706 (1991)). "Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused." Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981); see Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998).

Proof by circumstantial evidence "'is not sufficient . . . if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture.'" Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (quoting Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977)). "'"[A]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'" Betancourt v. Commonwealth, 26 Va. App. 363, 373, 494 S.E.2d 873, 878 (1998) (quoting Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976))). "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt." Littlejohn, 24 Va. App. at 414, 482 S.E.2d at 859 (quoting Haywood v.

- 5 -

Commonwealth, 20 Va. App. 562, 567-68, 458 S.E.2d 606, 609 (1995)). The Commonwealth need not "exclude every possible theory or surmise," but it must exclude those hypotheses "which flow from the evidence itself." Cantrell v. Commonwealth, 7 Va. App. 269, 289-90, 373 S.E.2d 328, 338-39 (1988) (citations omitted). The evidence in the instant case fails to prove appellant's guilt beyond a reasonable doubt.

The Commonwealth's evidence failed to prove acts or conduct from which the trial court could infer beyond a reasonable doubt that appellant knowingly and intentionally possessed the cocaine found in the dollar bill located behind the bathroom door. When Officer Dawes first entered the hotel room he observed appellant leaving the bathroom, but no evidence negated the reasonable hypothesis that one of the other "numerous" individuals in the room placed the crumpled dollar bill with the cocaine in it behind the bathroom door. In fact, drugs were found on other occupants of the room. Additionally, no evidence proved that appellant had a lawful interest in the hotel room. Officer Dawes admitted on cross-examination that there was "no reason to suspect that [appellant] had any ownership, rental, or control in this room at all" and that another individual rented the hotel room. Appellant's mere proximity to the cocaine found in the bathroom is not sufficient to prove his possession of the controlled substance. See Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998).

Additionally, the evidence established that Officer Ronnenberg told appellant that suspected cocaine had been found in the bathroom. Although appellant's statement that the officers were "trying to pin" the cocaine on him and that the substance was "only baking soda" proves that appellant knew the officers had found some suspected substance behind the bathroom door, it proves little else. The record discloses neither the context of this statement nor whether appellant actually believed the substance was baking soda. Viewed as a whole, the circumstantial evidence is suspicious, but does not prove beyond a reasonable doubt that appellant constructively possessed the cocaine found behind the bathroom door. "Suspicion, no matter how strong, is not enough. Convictions cannot rest upon speculation and conjecture." Littlejohn, 24 Va. App. at 415, 482 S.E.2d at 860 (citations omitted). For the foregoing reasons, we reverse the conviction.

Reversed.