COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


KENNETH RAY LOWE
                                            OPINION BY
v.    Record No. 1910-00-3        JUDGE ROSEMARIE ANNUNZIATA
                                           JULY 10, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                      Keary R. Williams, Judge

            (Freddie E. Mullins; Buddy H. Wallen, P.C.,
            on briefs), for appellant.  Appellant
            submitting on briefs.

            (Mark L. Earley, Attorney General; Leah A.
            Darron, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting on
            brief.


     The appellant, Kenneth Ray Lowe, appeals his conviction in

the Circuit Court of Buchanan County for manufacturing

marijuana, in violation of Code § 18.2-248.1.[1]  Lowe contends the

evidence was insufficient to support the conviction.  We agree,

and reverse.

_____

     [1] The Court notes that the conviction and sentencing order
reflects that the appellant pled guilty to the charge of
manufacturing marijuana.  However, after a review of the entire
record in this case, it appears the appellant pled not guilty.
Accordingly, this matter is remanded to the trial court for the
sole purpose of correcting that clerical error.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences fairly deducible therefrom, in the light most favorable to the Commonwealth.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On July 19, 1999, Buchanan County Sheriff's Investigator Blaine Crouse was looking for Jerry Lowe, the appellant's brother.  He drove to Jerry Lowe's home and spoke with a woman who lived with him.  The woman advised Crouse that Jerry Lowe "wasn't at home, that he had spent the night at [the appellant's] residence and then told [the officer] that [the appellant's] house was down there at the railroad trestle."

Crouse was familiar with appellant's residence because he had been there "probably three or four times" in the prior four months, and he had once arrested appellant there.  Crouse also testified that when he arrived at appellant's home that day, a German Shepherd dog that he had seen on his previous visits was tied up in the backyard.

Crouse walked onto the front porch and knocked on the door. When no one answered, he turned to leave, but saw a bucket containing a marijuana plant sitting on the hillside, fifteen feet from the residence.  He walked up on the hillside to check the plant and, when he turned around, saw four other buckets containing marijuana plants sitting on a table against the side of the house.  The dirt in the buckets looked like it had "just

been worked," and he observed finger and hand prints in the soil surrounding the plants.

Crouse also observed a device nailed to the house that channeled water onto the plants. The plants were sent to the Bureau of Forensic Science for analysis, which established that the plants were marijuana and weighed two grams.

Crouse also testified that he had been at the same residence two hours prior to discovering the marijuana plants and that he had spoken to a young lady during that earlier visit, but had not learned her name.

Defense counsel moved to strike at the close of the Commonwealth's evidence. The trial court overruled the motion and found that the evidence established that freshly tended marijuana plants were found at the appellant's home and that this circumstantial evidence proved that appellant had dominion and control over the drugs. Appellant was convicted of manufacturing marijuana and sentenced to five years in prison with four years of the sentence suspended.

## ANALYSIS

In order to prove that the appellant manufactured the marijuana in question, the Commonwealth was required to prove that he "planted, cultivated, grew or harvested" the marijuana. Patterson v. Commonwealth, 19 Va. App. 698, 702, 454 S.E.2d 367, 369 (1995); King v. Commonwealth, 2 Va. App. 708, 710-11, 347 S.E.2d 530, 531 (1986). In addition, because "[a] person cannot

manufacture marijuana without possessing it," Patterson, 19 Va. App. at 702, 454 S.E.2d at 369, the Commonwealth was required to prove the defendant was: (1) aware of the presence and character of the particular substance; and (2) was intentionally and consciously in possession of it. Clodfelter v. Commonwealth, 218 Va. 619, 622, 238 S.E.2d 820, 822 (1977). The Commonwealth was not required to prove the defendant actually possessed the controlled substance, but could rely on proof of constructive possession. Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements or conduct of the accused or other facts and circumstances which tend to show the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control. Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983); Clodfelter, 218 Va. at 622, 238 S.E.2d at 822. Where the Commonwealth's case rests entirely upon circumstantial evidence, as in this case, the evidence not only must be consistent with guilt, but it also must exclude every reasonable hypothesis of innocence. Clodfelter, 218 Va. at 623, 238 S.E.2d at 822.

The Commonwealth's evidence failed to establish that the appellant occupied the home at the time the marijuana plants were found or that he was the only person with access to the

residence.  Although it proved that Lowe resided at the home and had been present there on previous occasions, evidence of ownership or occupancy of the premises, alone, is insufficient to prove constructive possession.  Nicholas v. Commonwealth, 186 Va. 315, 322, 42 S.E.2d 306, 310 (1947); see also Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982) (citing Code § 18.2-250.1).

While evidence of ownership or occupancy is probative on the question and constitutes a circumstance that may be considered along with other evidence, Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984), in this case, no other evidence connected the appellant to the marijuana.  No evidence showed the appellant had been at the house on the day the marijuana was found or during a period from which the finder of fact could reasonably conclude appellant constructively possessed the marijuana.  Furthermore, the Commonwealth's own evidence showed that two other people, the appellant's brother and the unidentified woman, were at the residence on the day Investigator Crouse discovered the recently "worked" marijuana plants.

The Commonwealth's circumstantial evidence failed to eliminate the reasonable hypothesis that someone other than Lowe brought the pots of marijuana to the home on the day they were discovered.  See Burchette v. Commonwealth, 15 Va. App. 432, 438, 425 S.E.2d 81, 85 (1992) (where we found, "[t]he

evidence simply does not exclude the very real possibility that other members of [the defendant's] family or someone other than [the defendant] used or had access to the vehicle and had left the drugs there unbeknownst to him").  Therefore, we find the evidence to be insufficient, as a matter of law, to prove the appellant manufactured the marijuana.  Accordingly, we reverse the conviction and dismiss the indictment.

Reversed and dismissed.