COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


WESLEY ELTON BAILEY
                                              MEMORANDUM OPINION* BY
v.        Record No. 0617-03-4              CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                    AUGUST 3, 2004
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                          John E. Kloch, Judge

          Gary H. Smith for appellant.

          Robert H. Anderson, III, Senior Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on brief), for appellee.


        Wesley Elton Bailey (appellant) appeals his conviction for possession of a firearm after

having been convicted of a felony in violation of Code § 18.2-308.2.  He contends that 1) the trial

court erred in denying his motion to suppress evidence obtained by police incident to the arrest of

the driver of the truck in which he was a passenger, and 2) the evidence was insufficient to convict

him.  Finding no error, we affirm.

                                    I.  BACKGROUND

        Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

        So viewed, the evidence established that on August 4, 2003 at approximately 11:00 p.m.,

Alexandria Police Officers Shawn Quigley (Quigley) and Luis Torres (Torres) saw a

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

double-parked black Mazda pickup truck. Benjamin Dunkley (Dunkley) was sitting in the driver's seat, and appellant was standing by the passenger side of the truck. The police officers told them to move the truck, and appellant jumped into the bed of the truck. As the truck drove away, Quigley saw that the license plate was obscured by a plastic cover. He activated his emergency lights and stopped the truck. When Quigley approached Dunkley and asked him for his license and registration, Dunkley stated that he had no driver's license and believed that it was suspended. Quigley ran a record check and learned that Dunkley's license was revoked and that he was wanted for a probation violation.

Torres approached appellant, who was seated in the bed of the truck, and told him to move to the passenger seat. The officer saw a green bag sitting on the passenger seat, and asked appellant if it belonged to him. Appellant said that it was his. Torres told him to place the bag in the bed of the truck. After appellant complied, Torres directed him to return to the passenger seat.

Quigley returned to the truck and informed Torres that Dunkley was wanted on a warrant for a probation violation. Quigley arrested Dunkley who was standing next to the driver's side of the truck, walked him to the police cruiser, and searched him. When Quigley returned to the truck to search the passenger compartment incident to Dunkley's arrest, appellant got out of the passenger seat and sat on the curb of the street. After Quigley searched the passenger compartment, Torres pointed out the green bag located in the bed of the truck about six inches from the side, and informed Quigley that the bag had been in the truck's cabin when the officers first approached.[1] Quigley then searched the bag, which had been partly enclosed by a drawstring. Under socks and other clothing, along with appellant's driver's license, checkbook,

---

[1] Torres was Quigley's field training officer and quizzed Quigley about the basis for a search of the bag. He noted the proximity of the bag to Dunkley and that he was very tall and only six to eight inches from the bag when arrested.

receipts, and other correspondence, Quigley found a loaded semi-automatic handgun. The search took place seven or eight minutes after Dunkley's arrest while appellant was sitting about three feet from the truck. Appellant stated that it was not his gun. The officers determined that he was a convicted felon and arrested him.

At trial, Dunkley testified that he saw a pistol lying on the seat of the truck and placed it in the bag, but was unable to tell appellant that he had done so before the police stopped them. Appellant stated that he was unaware that the gun was in his bag, but that everything else in the bag belonged to him. He admitted that he had been in prison four times, but did not know the exact number of felony convictions he had. Appellant also testified that he had loaned his truck to Dunkley's brother the morning of the day they were arrested.

Appellant was convicted in a bench trial of possession of a firearm by a convicted felon in violation of Code § 18.2-308.2. He was sentenced to a term of five years.

## II. MOTION TO SUPPRESS

Appellant contends that the trial court erred in denying his motion to suppress the gun because the search of appellant's bag exceeded the permissible scope of a search incident to the arrest of the driver.

"The burden to establish that the denial of the motion to suppress constituted reversible error rests with the defendant." King v. Commonwealth, 39 Va. App. 306, 308, 572 S.E.2d 518, 519 (2002) (citations omitted). "We are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). "However, we consider *de novo* whether those facts implicate the Fourth Amendment and, if so, whether the officers unlawfully infringed

- 3 -

upon an area protected by the Fourth Amendment." McNair v. Commonwealth, 31 Va. App. 76, 82, 521 S.E.2d 303, 306 (1999).

Appellant does not dispute that the arrest of the driver was lawful and that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile." New York v. Belton, 453 U.S. 454, 460 (1981). Rather, appellant argues Belton precludes a search of the truck's bed and the green bag located in it because it was not a passenger compartment. Based on the facts of this case, we disagree.

Initially we note that the bag that was searched by the police incident to the arrest of the driver was located on the passenger seat in the truck cab, clearly within reach of the driver prior to his arrest. See Chimel v. California, 395 U.S. 752, 763 (1969) ("There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control' -- construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence."). Additionally, when the bag was removed from inside the truck cab to the truck bed, appellant had been seated in both the cab and truck bed as a passenger, a fact relied on by the trial judge. In denying appellant's motion to suppress, the trial court applied the Belton rationale to the facts of this case where the "bed" of the truck was used by appellant as a "passenger compartment."

> [To] come up with any other conclusion would make Belton ludicrous, especially as in this case where the [truck] bed was being used as a passenger compartment, whether it's legally a passenger compartment, I don't think Belton really addresses that. It's talking philosophically and practically, if passengers are there, it becomes dangerous.

Thus, we need go no further than to find that in this case the truck bed was the equivalent of the truck's passenger compartment in addressing the validity of the search incident to the arrest of the driver.

Additionally,

> The Court also has made clear that the arrestee need not be in the vehicle at the time of the arrest or incident search. Pursuant to Belton, officers may conduct valid searches incident to arrest even when the officers have secured the suspects in a squad car and rendered them unable to reach any weapon or destroy evidence. As long as the arrestee is the recent occupant of the vehicle searched, the search does not violate the Fourth Amendment.

Cason v. Commonwealth, 32 Va. App. 728, 735, 530 S.E.2d 920, 923 (2000) (internal citations and quotations omitted); see also United States v. Willis, 37 F.3d 313 (7th Cir. 1994); Glasco v. Commonwealth, 257 Va. 433, 513 S.E.2d 137 (1999); see also Thornton v. United States, 124 S. Ct. 2127 (2004) (in which the Supreme Court upheld a search of a vehicle when the arrest of a suspect next to a vehicle presented the same issues of officer safety and evidence destruction as the instant case).

Thus we hold that the search was proper and that the trial court did not err in denying appellant's motion to suppress.

## III.  SUFFICIENCY OF THE EVIDENCE

Appellant next contends that the evidence is insufficient to prove beyond a reasonable doubt he possessed the gun.  He argues that although he acknowledges ownership of the bag, his statements that he was unaware of the gun and Dunkley's testimony that he placed the gun in appellant's bag without telling him before his arrest provided a hypothesis of innocence that the Commonwealth failed to exclude.  This argument is without merit.

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense."  Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).  "In so doing, we must discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). We must affirm the conviction "unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). This Court must determine "not whether 'there is some evidence to support'" appellant's hypothesis of innocence, but, rather, "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [appellant's] theories and found him guilty beyond a reasonable doubt." Id. "Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

Appellant contends that his denial and Dunkley's testimony provided a reasonable hypothesis of innocence. However, the trial judge did not find this testimony credible: "In evaluating the credibility in this case, unfortunately, I have to find against you in that regard." "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging

witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citations omitted). Both appellant and Dunkley were impeached at trial when they admitted to having multiple felony convictions, and to having been close personal friends for a long time. The trial judge was not required to believe their testimony.

Credible evidence supports appellant's constructive possession of the gun beyond a reasonable doubt. Appellant acknowledged during the search and at trial that the bag and all of its contents were his. In its ruling, the trial court relied on this admission:

> [B]y Mr. Bailey's own admission, they're the kinds of items like a checkbook or credit cards that might be used on a daily basis . . . .
> That being the type of bag that it is, I think it is a much stronger inference than merely if it was a shopping bag that had been sitting on the front seat with stuff that had been obviously in the truck for a long time.
> So this particular bag is more like the male version of a purse or bags that many males and females carry this day and age.

Officers found appellant's wallet, driver's license, checkbook, a receipt with appellant's signature on it, an asthma inhaler, some pills, and a toothbrush and toothpaste in the bag. They found the loaded gun in the main pocket of the bag, underneath some rolled up socks and other clothing. Appellant's admission that the bag and the personal items inside were his supports the reasonable inference that he was aware of the gun and that it was subject to his dominion and control.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

Benton, J., dissenting.

In a criminal case, where the quantum of proof must be beyond a reasonable doubt, the imperative to secure convictions free of speculation, surmise, and conjecture is constitutionally based. See In reWinship, 397 U.S. 358 (1970). This principle means that "where, as here, a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "Suspicious circumstances, including proximity to [contraband], are insufficient to support a conviction." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986). Even when evidence is sufficient "to elevate suspicion to the level of probability, [it does] not relieve the Commonwealth of the burden of producing evidence which establishes guilt beyond a reasonable doubt." Hyde v. Commonwealth, 217 Va. 950, 954, 234 S.E.2d 74, 78 (1977). In view of these well established principles, I would hold that the evidence in this case failed to prove Wesley Bailey put the gun in the bag or knew it was in the bag.

I.

The undisputed evidence proved that the driver of the truck had sole, exclusive access and possession of the bag containing the gun for a substantial time; therefore, the evidence does not negate the reasonable hypothesis that the driver put the gun in the bag. Officer Quigley testified that when he first saw Bailey, Bailey was standing outside the truck and talking to the driver, who was in the truck. Bailey was not holding the bag and was three feet away from the truck. When Officer Quigley told the men to move the truck because it was "double parked," Bailey "jumped in the back of the truck and the [truck] began moving." As the truck drove away, Officer Quigley noticed that the license plate was obscured. Officer Quigley followed the

truck and activated his lights. When the truck stopped after moving some undisclosed distance along the street, Officer Quigley approached the driver of the truck and asked for his driver's license and registration. Because the driver said he did not have his driver's license and also said his license had been suspended, Officer Quigley returned to his vehicle to request a records check.

As Officer Quigley was waiting for a response to the record check, Officer Torres, his partner, approached Bailey, who was still seated in the bed of the pickup truck. Officer Torres asked Bailey to leave the bed of the truck and sit in the truck's passenger seat. As Bailey was about to enter the passenger side of the truck, Officer Torres noticed a green knapsack resting on the truck's passenger seat. Officer Torres asked Bailey if he was the owner of the knapsack. When Bailey said he was, Officer Torres directed Bailey to remove the knapsack from the passenger seat and put it in the bed of the truck. After Bailey did so, Officer Torres instructed him to sit in the passenger seat.

Prior to Officer Torres's directive to Bailey to move the bag, the bag had been in the possession of the driver, who was alone in the passenger compartment of the truck, giving him exclusive access to the bag. At no time, beginning from Officer Quigley's sighting of Bailey and his directive to move the truck through Officer Torres's directive to Bailey to put the bag in the bed of the truck, did Bailey have access to the bag.

## II.

The evidence undisputedly fails to show Bailey had actual possession of the gun. As in cases involving failure to show actual possession of drugs, evidence is insufficient to prove the accused possessed a gun when the evidence shows that others were in possession of the gun during the absence of the accused. The reasoning in Drew v. Commonwealth, 230 Va. 471, 338 S.E.2d 844 (1986), is instructive:

> The record contains no evidence of statements or conduct which tend to show that [the accused] was aware of the presence of cocaine in the dwelling. The only evidence that the substance was subject to his dominion and control was the several documents introduced to show that he claimed the . . . address as his residence. But such evidence, though relevant, raises no presumption that he "knowingly or intentionally possessed [a] controlled substance" found there. Code § 18.2-250. The police observed [the accused] standing in the street near the dwelling when they returned to conduct the search, but there is no proof that he was inside the house when the 22 visitors entered. Mere proximity to a controlled drug is not sufficient to establish dominion and control. Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); Fogg v. Commonwealth, 216 Va. 394, 395, 219 S.E.2d 672, 673 (1975).
>
> The facts in this case are strikingly similar to those in Garland v. Commonwealth, 225 Va. 182, 300 S.E.2d 783 (1983). There, the police seized four grams of cocaine and a set of scales and other drug paraphernalia in the search of a dwelling occupied by Melanie Henderson. [The accused] was not present during the search, but the police discovered several articles of men's clothing, an expired driver's license issued to [the accused], and a lease agreement for the dwelling which named [the accused] and Henderson as lessees. Finding that "[t]he evidence in this case, at most, create[d] a mere suspicion," id. at 184, 300 S.E.2d at 785, we reversed the judgment convicting [the accused] of possession of the contraband.
>
> We hold as a matter of law that the Commonwealth failed to carry its burden of proof in the case at bar. At most, the evidence establishes that [the accused] resided at . . . and . . . was near the residence the night the cocaine was seized. This is insufficient to prove constructive possession by the [accused]. Because possession is an essential element of the crime with which [the accused] was charged, we will reverse the conviction and enter final judgment dismissing the indictment.

Drew, 230 Va. at 473-74, 338 S.E.2d at 845-46. See also Lowe v. Commonwealth, 36 Va. App. 163, 548 S.E.2d 904 (2001); McNair v. Commonwealth, 31 Va. App. 76, 521 S.E.2d 303 (1999) (*en banc*).

In a similar vein, the Supreme Court held in Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977), that evidence of drugs found in a motel room, which the accused rented and which contained his property, was insufficient to prove possession because

someone else had been in the room. The Court also rejected the Commonwealth's argument in Powers v. Commonwealth, 227 Va. 474, 316 S.E.2d 739 (1984), that the evidence foreclosed the possibility that another person, who had access to the drugs, owned and hid them, and the Court, therefore, found the evidence insufficient to prove the accused possessed the drugs. Id. at 476-77, 316 S.E.2d at 740. Likewise, in Burchette v. Commonwealth, 15 Va. App. 432, 438, 425 S.E.2d 81, 85 (1992), we held that evidence seized from the accused's locked vehicle was insufficient to prove possession because no evidence indicated when the drugs were placed there, when the accused last used the vehicle, or whether the accused had exclusive use of the vehicle. In Behrens, 3 Va. App. 131, 348 S.E.2d 430, although drugs were found in a hotel room rented to the accused, we reversed the conviction because no evidence showed the accused had ever been in the room, but "two other men had been inside . . . during the week it was registered in [the accused's] name." Id. at 136, 348 S.E.2d at 433.

The proof in this case has the same deficiencies as those cases; it fails to exclude all reasonable hypotheses of innocence. Because the evidence proved the driver had sole access to the bag for a significant time and knew the police might arrest and search him for the violation, the evidence does not exclude the hypothesis that the driver put the gun in the bag. In this case, where the element of Bailey's knowledge is based on circumstantial evidence, "'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland, 225 Va. at 184, 300 S.E.2d at 784 (citation omitted). Moreover, when as here, "the evidence leaves it indefinite which of several hypotheses is true, or establishes only some finite probability in favor of one hypothesis, such evidence cannot amount to proof, however great the probability may be." Massie v. Commonwealth, 140 Va. 557, 565, 125 S.E. 146, 148 (1924). "Suspicious circumstances,

including proximity to [contraband], are insufficient to support a conviction." Behrens, 3

Va. App. at 135, 348 S.E.2d at 432.

In view of the driver's exclusive access to the bag and in view of the absence of proof of

Bailey's knowledge concerning the presence of the gun, I would hold that the evidence is

insufficient to establish guilt beyond a reasonable doubt, and I would reverse the conviction.