COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


TONY JERMAINE WALKER

                                                MEMORANDUM OPINION[*] BY
v.       Record No. 2931-08-1              JUDGE RUDOLPH BUMGARDNER, III
                                                     JANUARY 26, 2010
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Wilford Taylor, Jr., Judge

           John E. Robins, Jr. (Office of the Public Defender, on briefs), for
           appellant.

           Erin M. Kulpa, Assistant Attorney General (William C. Mims,
           Attorney General, on brief), for appellee.


       Tony Jermaine Walker appeals his conviction of grand larceny of an automobile, Code

§ 18.2-95.  He contends he was denied his right of confrontation and the evidence was

insufficient.  Finding no error, we affirm the conviction.

       We examine the evidence in the light most favorable to the Commonwealth, granting to it

all reasonable inferences that are fairly deducible.  See Haskins v. Commonwealth, 31 Va. App.

145, 149-50, 521 S.E.2d 777, 779 (1999).  A 2004 Toyota Sienna minivan disappeared from the

parking lot where the owners had left it.  Later the same day, the police found the defendant

unconscious, in the van, stuck in a ditch.  He claimed he had seen someone drop the keys, and he

picked them up and drove the van away.

       At trial, the Commonwealth proved value of the stolen van by introducing a National

Automobile Dealers' Association (NADA) "blue book."  It listed four separate categories for the

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2004 Toyota Sienna model. All 2004 Toyota Sienna vans in each category had a value of more than $200.[1]

The defendant maintains introduction of the "blue book" violated his right to confront the witnesses against him as interpreted in Crawford v. Washington, 541 U.S. 36, 68 (2004), and Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2531 (2009). He further maintains the evidence was insufficient because the proof of value only established the value of a class of vehicles but not the value of the particular type of vehicle stolen.

Code § 8.01-419.1 specifically authorized the use of the NADA "blue book" to prove fair market value of the vehicle stolen.[2] Riner v. Commonwealth, 268 Va. 296, 601 S.E.2d 555 (2004), noted that the United States Supreme Court had "indicated that business records are a type of hearsay 'that by their nature [are] not testimonial.'" Id. at 322-23, 601 S.E.2d at 570 (quoting Crawford, 541 U.S. at 56). Subsequently, Melendez-Diaz stated: "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial." Melendez-Diaz, 129 S. Ct. at 2539-40. See also Michels v. Commonwealth,

---

[1] The defendant was convicted under Code § 18.2-95: "Any person who . . . commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ."

[2] Code § 8.01-419.1 provides:

> Whenever in any case not otherwise specifically provided for the value of an automobile is in issue, either civilly or criminally, the tabulated retail values set forth in the National Automobile Dealers' Association (NADA) "yellow" or "black" books or any vehicle valuation service regularly used and recognized in the automobile industry that is in effect on the relevant date, shall be admissible as evidence of fair market value on the relevant date.

47 Va. App. 461, 469, 624 S.E.2d 675, 680 (2006) (finding documents that are "not by their nature accusatory and do not describe any criminal wrongdoing of the defendant," but "are a neutral repository of information," do not constitute "testimonial" hearsay for Sixth Amendment purposes).

The NADA publication was a repository of information compiled for uses other than in litigation; it was not accusatory. Guides prepared by the NADA are "intended . . . to assess the values of various vehicles." N.A.D.A. Services Corp. v. Business Data of Virginia, Inc., 651 F. Supp. 44, 47 (E.D. Va. 1986). As such, it was not testimonial evidence, and its admission did not violate the Sixth Amendment. The trial court did not err in admitting the Commonwealth's exhibit.

The defendant argues that even if the NADA book was admissible, the evidence was still insufficient to prove the stolen vehicle was worth $200 or more. He maintains the trial court did not identify the particular model of the vehicle when relying on the values listed in the NADA book. He contends the evidence only established the value of a class of vehicles but not the value of the particular vehicle stolen, which was an essential element of the offense.

When referring to the values listed in the book, the trial court noted that all categories for the van had a value greater than $200. If all categories of 2004 Toyota Siennas had values that exceeded $200, the specific type stolen had a value that exceeded $200. Thus, the evidence proved beyond a reasonable doubt that the stolen vehicle had to have a value that exceeded $200. Accordingly, we affirm the conviction.

Affirmed.