COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Beales and Senior Judge Clements
Argued at Richmond, Virginia


TYRONE JHURILAL, S/K/A
  TYRONE THANE JHURILAL

                                            MEMORANDUM OPINION[*] BY
v.       Record No. 2627-10-2                JUDGE JEAN HARRISON CLEMENTS
                                                    OCTOBER 4, 2011
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                        Sam Campbell, Judge

        Marvin D. Miller (Law Office of Marvin D. Miller, on briefs), for
        appellant.

        Benjamin H. Katz, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        In a bench trial, Tyrone Jhurilal (appellant) was convicted of transporting five or more

pounds of marijuana into the Commonwealth with the intent to distribute.[1] See Code

§ 18.2-248.01.  On appeal, appellant challenges the sufficiency of the evidence to support his

conviction.  For the reasons that follow, we affirm appellant's conviction.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant also was convicted of possessing more than five pounds of marijuana with the
intent to distribute, see Code § 18.2-248.1, but he does not challenge this conviction on appeal.

BACKGROUND

"'When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense.'" Slade v. Commonwealth, 43 Va. App. 61, 69, 596 S.E.2d 90, 94 (2004) (quoting Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999)).

On December 13, 2006, Trooper James Robinson stopped appellant as he was driving southbound on Interstate 95 in Greensville County. Robinson began watching and following appellant's vehicle at the "sixteen mile marker" on the highway. Robinson saw appellant's vehicle cross over the yellow line onto the shoulder as it made a lane change to the left. Based upon this traffic infraction, Robinson stopped the vehicle at Exit 11.[2]

Robinson asked appellant, who was alone in the vehicle, to get out of the car. The trooper had appellant accompany him to his police vehicle to check appellant's driver's license and registration. Appellant provided Robinson with a rental agreement for the car he was driving.[3] Appellant said he had been visiting friends in Boston, Massachusetts, for about a week. He said he had stopped in Maryland and had decided to rent a vehicle. He stated he had left Maryland that morning, and he was traveling home to Florida via Interstate 95.

Robinson advised that he was not going to issue appellant a traffic citation and returned appellant's driver's license and the rental agreement. As appellant was exiting the police vehicle, Robinson asked if appellant had anything illegal in the car. Appellant replied that there

---

[2] The record does not indicate the time of the stop, but photographs of the scene show that it occurred during daylight hours.

[3] The rental agreement was not introduced into evidence.

was nothing illegal in the car. Robinson specifically asked about weapons or drugs, and appellant denied that he had any in the vehicle. Appellant consented to a search of the car.

In appellant's vehicle were three pieces of luggage, including two small suitcases. The suitcases bore routing tags indicating they had been checked on an airline flight. At least one of the tags bore the abbreviation "BOS." Inside the luggage Robinson found seven heat-sealed bags of marijuana. On the front seat of the car were a hand-held computer, two packs of cigarettes, sunglasses, money, and a wrapped uneaten hamburger.

Robinson placed the evidence he seized on top of his police vehicle and reported his findings to Special Agent Windell of the Virginia State Police. Communicating with Windell, Robinson said he had found what he believed to be ten pounds of marijuana. Appellant interrupted and said it was not ten but five and one-half pounds of marijuana. The weight of the seized marijuana later proved to be 5.6 pounds.

Trooper Chris Murphy testified as an expert witness regarding narcotics. Murphy said that the marijuana in appellant's car was the bud of the plant, which was the most expensive part of the plant and had the highest level of THC. Murphy said the name of that type of marijuana was "TC buds." Murphy opined that the quantity of marijuana in appellant's car, as well as the manner of packaging, supported a conclusion that he did not possess it for personal use.

ANALYSIS

Pursuant to Code § 18.2-248.01 "it is unlawful for any person to transport into the Commonwealth by any means with intent to sell or distribute . . . five or more pounds of marijuana." "[A] violation of Code § 18.2-248.01 occurs at the moment a person transporting illegal substances penetrates the borders of the Commonwealth." Seke v. Commonwealth, 24 Va. App. 318, 325, 482 S.E.2d 88, 91 (1997).

To sustain a criminal conviction,

> it is insufficient to create a suspicion or probability of guilt. Rather, the burden is upon the Commonwealth to prove every essential element of the offense beyond a reasonable doubt. "The evidence must exclude every reasonable hypothesis of innocence and be consistent only with the guilt of the accused."

Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997) (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970)) (other citations omitted).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "Circumstantial evidence is not viewed in isolation. 'While no single piece of evidence may be sufficient, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."'" Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)).

Appellant argues the evidence did not prove that he transported the marijuana into the Commonwealth. Specifically, appellant contends that because the Commonwealth did not prove when or where the marijuana came into his possession, the evidence did not exclude the possibility that he obtained the marijuana at a location within Virginia's borders. However,

> [w]hether the hypothesis of innocence is reasonable is itself a "question of fact," Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (citation omitted), subject to deferential appellate review, Kelly [v. Commonwealth], 41 Va. App. [250,] 259, 584 S.E.2d [444,] 448 [(2003) (*en banc*)]. "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964)[.]

Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004). Moreover, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

In Kelly, this Court considered whether the evidence was sufficient to support a conviction for transporting marijuana under Code § 18.2-248.01. There, the police stopped the defendant driving southbound on Route 13 in Accomack County. Kelly, 41 Va. App. at 254, 584 S.E.2d at 446. Upon approaching the vehicle, the officer noted an odor of marijuana. Id. at 255, 584 S.E.2d at 446. The defendant twice told the police that he and his passenger had been in Maryland, but he was not sure exactly where. Loose marijuana was in the vehicle. In the rear seat compartment of the car was a duffel bag containing cellophane wrapped packages, which later proved to contain twenty pounds of marijuana. Id. at 255-56, 584 S.E.2d at 446. The defendant expressed surprise when the police said he was being arrested for trafficking cocaine. Id. at 255, 584 S.E.2d at 446. As the officer began taking the packages out of the duffel bag, the defendant said it was not his "weed." Id. at 256, 584 S.E.2d at 446. At trial, the defendant testified that he and his passenger had left for Maryland that day after the passenger took the defendant's car on an errand. According to the defendant, they made a stop along Route 13, then took a wrong turn to head south rather than north. The defendant said he had never been to Maryland, denied telling the officer he was coming from Maryland, and denied knowledge of the duffel bag or the marijuana in his car. Id. at 256, 584 S.E.2d at 446-47. Affirming the defendant's conviction under Code § 18.2-248.01, this Court held the evidence "reasonably supported the trial court's determination that when he was stopped by [the police], [the defendant] had just transported the drugs from the State of Maryland, into the Commonwealth of Virginia." Id. at 259, 584 S.E.2d at 448.

Just as in <u>Kelly</u>, the evidence in this case proved that appellant had driven from Maryland into Virginia on the day he was stopped by the police. Appellant rented the vehicle in Maryland following a trip to Boston, and was heading toward his home in Florida. Appellant had proceeded south through the length of the Commonwealth and nearly reached the border with North Carolina. The quantity of marijuana was found concealed in suitcases with routing tags indicating the bags had traveled to Boston. Moreover, there was no evidence that appellant stopped his vehicle after entering Virginia, that he had ties to any person or place within the state, or that he obtained the more than five pounds of marijuana after crossing the border from Maryland.

The evidence thus supported the trial court's determination that appellant possessed the marijuana when he entered Virginia and that all reasonable hypotheses of innocence were excluded. In accordance with our standard of review, therefore, we find no basis to disturb appellant's conviction.

CONCLUSION

For the foregoing reasons, we reject appellant's challenge to the sufficiency of the evidence and affirm his conviction.

<u>Affirmed.</u>