COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia

CARL ANTONIO ROBINSON

v.      Record No. 1396-12-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA
OCTOBER 22, 2013

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

(James J. Angel, on brief), for appellant. Appellant submitting on
brief.

John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


In a bench trial, Carl Antonio Robinson (appellant) was convicted of assault and battery

against a member of his family or household and possessing a firearm after conviction of a felony.

On appeal, appellant contends the evidence was insufficient to sustain the firearm conviction.

Finding the evidence sufficient, we affirm the conviction.

BACKGROUND

Under familiar principles of appellate review, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom. See Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779

(1999).

> When considering on appeal the sufficiency of the evidence
> presented below, we "presume the judgment of the trial court to be
> correct" and reverse only if the trial court's decision is "plainly

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

wrong or without evidence to support it." Davis v.
Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77
(2002) . . . . Thus, we do not "substitute our judgment for that of
the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375,
380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is
whether, after viewing the evidence in the light most favorable to
the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt."
Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar
standard gives full play to the responsibility of the trier of fact
fairly to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from basic facts to ultimate
facts." Id.

Kelly v. Commonwealth, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (*en banc*).

In October 2010, a few months after appellant and the victim of appellant's assault and battery (the victim) began dating, he took some firearms out of a gun case which was located in the basement at the home of Daisy Robinson, and showed them to the victim. Robinson is appellant's mother, and he was living in the home at the time. Appellant's brother, Jermain, typically slept in the basement when he was not staying with his girlfriend. The victim testified that, during the October 2010 encounter, appellant said the guns were his, that his uncle had given them to him, and that he was not supposed to be around guns.

The door to the basement was kept locked. The keys to the basement door and the gun cabinet were kept on a key holder in appellant's mother's room where they were readily available to anyone in the house.

On the night of November 12, 2011, when the victim and appellant both were living at the home of appellant's mother, appellant called the victim and asked her to pick him up at his cousin's house, which was about two blocks away. The victim refused, and appellant walked home. After he arrived, he struck the victim on the chest, the lip, and above her eye. The victim sustained injuries for which she received medical treatment at the hospital. While the victim was at the hospital, a police detective interviewed her about the beating.

- 2 -

The police obtained a search warrant for the home and executed it on November 13, 2011. The police found ammunition and a gun case in the house. They did not search the basement, and did not find any guns.

The police searched the home again with the mother's consent on November 15, 2011. They found four firearms in the basement in a gun cabinet. One of the officers used a paper clip and opened the lock on the gun cabinet with ease. Two of the guns in the cabinet had been confiscated from the home following an incident in 2000. At that time, appellant had been ordered to leave the home. As he was leaving the home, appellant shouted, "I had my guns here, . . . don't let that bitch sell them motherfuckers."

When the police questioned appellant on November 15, 2011, he acknowledged that there were guns in the cabinet in the basement and ammunition in his bedroom.

Jermain and appellant's mother testified that only they had keys to the basement, that the basement was kept locked, and that Jermain had the only key to the gun cabinet. They also stated that the guns belonged to Jermain. Jermain explained that two of the guns were signed over to him by the police after the 2000 incident.

DISCUSSION

Appellant contends the evidence was insufficient to prove that he possessed a firearm after conviction of a felony. Code § 18.2-308.2 provides that "[i]t shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm[.]"

> "A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary. To establish constructive possession of the firearm by a defendant, the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the

firearm and that the firearm was subject to his dominion and control."

Smallwood v. Commonwealth, 278 Va. 625, 630, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). "[T]he Commonwealth does not have to prove that possession was exclusive." Rawls v. Commonwealth, 272 Va. 334, 350, 634 S.E.2d 697, 705 (2006).

Moreover,

> [o]wnership or occupancy . . . of premises where [contraband is] . . . found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items . . . on the premises in order to prove that the owner or occupant constructively possessed the contraband . . . .

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).

Appellant contends that the victim's testimony was not credible because appellant had used violence against her and the two had become estranged. However, the trial court credited the victim's testimony, and rejected appellant's contention that the victim testified against him falsely to punish him for his violent acts, which resulted in an assault and battery conviction he did not appeal. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

It was uncontradicted that appellant lived in his mother's house both in October 2010 and in November 2011. He admitted to the police in 2011 that he knew the guns were in the basement. Appellant's knowledge of the presence of the guns in the basement was also evidenced in 2010 when he unlocked the basement and the gun cabinet and showed the guns to the victim. At that time, he said the guns belonged to him. The guns were easily accessible. The police did not need the key to the gun cabinet to access its contents. Moreover, the keys to

- 4 -

the basement as well as the gun cabinet were kept in his mother's room and easily accessible to appellant. Jermain's claim that he owned the guns was contradicted when the police discovered two of the same firearms in the basement in 2000 and appellant said the guns were his.

Considering all the facts and circumstances, the evidence was sufficient to prove beyond a reasonable doubt that appellant possessed a firearm and that he was guilty of violating Code § 18.2-308.2.

CONCLUSION

For the foregoing reasons, we find the evidence was sufficient and we affirm appellant's conviction.

Affirmed.